UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE | : |
| | : CHAPTER 7 |
| KRISTINE M. MINGO | : CASE NO. 22-20253-JJT |
| | : |
| Debtor | : MAY 20, 2024 |
| | : |

**TRUSTEE'S MOTION FOR AUTHORITY TO COMPROMISE PERSONAL INJURY CLAIM OF THE DEBTOR FOR THE SUM OF $27,500.00 AND TO SETTLE THE TRUSTEE'S OBJECTION TO THE DEBTOR'S EXEMPTION IN REGARD TO SAID PERSONAL INJURY ASSET**

Pursuant to Rules 9019 and 2002(a)(3) of the Federal Rules of Bankruptcy Procedure, Anthony S. Novak, Chapter 7 ("Trustee"), hereby moves this Court for authority to compromise a personal injury claim of the debtor Kristine M. Mingo against Defendants John Elliopules and William Elliopules and their insurance company, Progressive Insurance Company (the "Defendants") for a $27,500.00 cash payment and to settle the Trustee's Objection to the Debtor's exemption in regard to said personal injury claim. In support of this motion, the Trustee respectfully alleges as follows:

1. An asset of this estate upon the filing of a voluntary petition was a personal injury claim against the Defendants by the Debtor arising from a motor vehicle accident which occurred in Westford, Massachusetts on or about June 20, 2021.

2. The Debtor was involved in a multi-vehicle accident. The vehicle that Debtor was riding in was stopped in traffic, was rear ended, causing it to hit another vehicle. The Debtor was one of four injured passengers in the vehicle. The Debtor sustained and

1

suffered soft tissue neck and back injuries. Debtor's medical treatments consisted of chiropractic visits. Treatment has now ceased.

3. The Debtor was represented pre-petition by Attorney Mary Puhlick of the law firm of Puhlick & Cartier, PC. An Application to Employ Puhlick & Cartier, PC was filed and Puhlick & Cartier, PC were appointed by this Court to represent the estate on June 17, 2022 (Doc ID #30).

4. The Defendants' insurance carrier has offered a $27,500.00 cash payment to settle the claim of the Debtor in the personal injury lawsuit. Said offer is an increase from $18,900.00 originally offered by the insurance carrier.

5. The Debtor's lack of permanent disability ratings and the minimal medical treatments which have now ceased dictate a settlement of this matter for the $27,500.00 offer tendered by the insurance carrier.

6. Undisputed unsecured proofs of claim filed in this case total approximately $48,000.00.

7. After a thorough discussion of the issues and damages with special counsel, the Trustee believes that the personal injury of the Debtor has a settlement value in the range of $27,500.00 and Attorney Mary Puhlick has recommended to the Trustee that the $27,500.00 offer be accepted.

8. After attorney's fees of $9,166.67 and costs of $37.04, there will be $18,296.29 available in net proceeds in the proposed settlement funds.

9. The Debtor filed a Schedule C List of Exemptions which include a personal injury claimed exemption of $12,000.00 under 11 USC §522(d)(11)(D) The Trustee filed an objection to Debtor's claim of exemption under 11 USC §522(d)(11)(D) which is pending before the Court (Doc ID #8).

10. The Trustee has offered a proposed resolution of the exemption issue with the Debtor which would allow $5,000.00 of the Debtor's potential exemption in the $27,500.00 settlement offer to be made available to the bankruptcy estate. Said $5,000.00 would be available to the bankruptcy estate despite the claimed exemptions by the Debtor in said proceeds. The Debtor's exemptions in the personal injury proceeds would be allowed and be paid to the Debtor in the approximate amount of $13,296.29. The remaining $5,000.00 would not be subject to any exemption claim of the Debtor.

11. Therefore, the Trustee believe that this proposed settlement of $27,500.00 with a carveout of $5,000.00 to the estate, not subject to potential claimed exemptions of the Debtor, is in the best interests of the estate and the Debtor because it guarantees a $27,500.00 cash settlement payment of which $5,000.00 would inure to the estate. Said proceeds would be free of any Debtor's exemption claims and would be available to the estate. The Debtor would receive approximately $13,296.29 from the personal injury proceeds in full and final settlement of his exemption claims to these funds.

12. A compromise as set forth above is therefore equitable, would best preserve the estate's assets, and would avoid protracted litigation.

13. This settlement complies with the standard for approval of settlement and compromises as set forth by the United States Supreme Court in Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968). That standard requires that a Court consider the probability of success in the litigation in light of the complexity of the litigation involved; the expense, inconvenience and delay necessarily attending it; the paramount interest of the creditors and a proper deference to their reasonable view in the premise. See also In re W.T. Grant Co., 699 F.2d 599 (2d Cir. 1983), cert. denied sub. nom. Cosoff v. Rodman 464 U.S. 822 (1983); In re Drexel Burnham Lambert Group, Inc. 134 B.R. 493 (Bankr. S.D. N.Y. 1991).

14. The process of approving compromise and settlement in a bankruptcy case is committed to the court's sound discretion that is to be exercised with the best interests of the estate and its creditors in mind. In re Drexel Burnham, 134 B.R. at 505.

15. It is a well established principle that settlements are favored over continued litigation. In re Blair, 538 F.2d 849, 851 (9th Cir. 1976); In re Heissinger Resources, Ltd., 67 Bankr. 378, 382 (Bankr. C.D. Ill. 1986). Moreover, courts particularly favor settlements in liquidating bankruptcies due to the paramount goal of the rapid liquidation of the estate's assets. Blair, supra, at 852; Heissinger, supra, at 381.

16. Moreover, it is not necessary for the court to decide the numerous questions of law and fact with respect to the merits of the potential litigation, but rather to "canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness." Heissinger, supra 383; see also W.T. Grant Co., 699 F.2d at 608.

17. After considering the foregoing factors, the Court should conclude that the terms of the settlement are fair and equitable and well within the range of reasonableness.

WHEREFORE, the Trustee respectfully requests that the Court approve this settlement of the Debtor's personal injury claim by a payment of $27,500.00 to the estate and that the Court further approve a compromise regarding the Debtor's exemptions so as to allow $5,000.00 of the proceeds in the personal injury settlement to be utilized for the benefit of the Chapter 7 estate free of the Debtor's exemption claim, and that the Court grant such further relief as it deems proper and just.

By *Anthony S. Novak*
Anthony S. Novak
Chapter 7 Trustee
Fed. Bar #ct09074
280 Adams Street
Manchester, CT 06042-1975
Tel: 860-432-7710
Email:anthonysnovak@aol.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was served via Notice of Electronic Filing *for parties or counsel who are registered filers, all parties on mailing matrix* and via first class mail, postage prepaid this 20th day of May 2024 to:

Office of the U.S. Trustee-via ECF

Kristine Mingo - via first class
81 East Pattagansett Road, Unit 34
Niantic, CT 06357
(Debtor)

John Elliopules and William Elliopules
4 Ocean Greens Drive
Saco ME 04072
(Defendants)

Mary Puhlick, Esq. - via email
Puhlick & Cartier, PC
(Special Counsel)

Mark O. Grater, Esq.-via ECF
(Debtor's Counsel)

Progressive Insurance
P.O. Box 94670
Cleveland, OH 44101
Attn: Tyler Gates, Adjuster

By *Anthony S. Novak*
Anthony S. Novak

5

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0205-2<br>Case 22-20253<br>District of Connecticut<br>Hartford<br>Tue Apr 30 15:37:26 EDT 2024 | | Best Egg<br>Attn: President<br>1523 Concord Pike<br>Suite 201<br>Wilmington, DE 19803-3656 |
| Capital One<br>Attn: President<br>P.O. Box 30285<br>Salt Lake City, UT 84130-0285 | Capital One Bank (USA), N.A.<br>by American InfoSource as agent<br>Attn: President<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | Goldman Sachs Bank, USA<br>by AIS InfoSource, LP as Agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 |
| Home Loan Services<br>Attn: President<br>150 Allegheny Center Mal<br>Pittsburgh, PA 15202-1402 | (p)IDAHO HOUSING & FINANCE ASSOCIATION<br>PO BOX 7899<br>BOISE ID 83707-1899<br>Attn: President | Internal Revenue Service<br>Attn: Manager<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| (p)JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999<br>Attn: Manager | KeyBank<br>Attn: President<br>Oh-01-51-0622 4910 Tiedman Rd.<br>Brooklyn, OH 44144-2338 | |
| Lendclub Bnk<br>Attn: President<br>595 Market Street, Suite 200<br>San Francisco, CA 94105-2802 | Lending Club<br>Attn: President<br>PO Box 39000<br>San Francisco, CA 94139-0001 | |
| Marcus by Goldman Sachs<br>Attn: President<br>Po Box 45400<br>Salt Lake City, UT 84145-0400 | Rakuten Visa/Sync Bank<br>Attn: President<br>PO Box 530949<br>Atlanta, GA 30353-0949 | Synchrony Bank/Amazon<br>Attn: President<br>Po Box 965060<br>Orlando, FL 32896-5060 |
| Synchrony Bank/Care Credit<br>Attn: President<br>Po Box 965064<br>Orlando, FL 32896-5064 | Synchrony/Ebates<br>Attn: President<br>Po Box 965060<br>Orlando, FL 32896-5060 | Synchrony/PayPal Credit<br>Attn: President<br>Po Box 965060<br>Orlando, FL 32896-5060 |
| | Volkswagen Credit, Inc<br>Attn: President<br>Po Box 3<br>Hillsboro, OR 97123-0003 | |

MAILING MATRIX

## FULL RELEASE OF ALL CLAIMS WITH INDEMNITY

CLAIM #: ___21-6444822_____

DATE: _____

KNOW ALL BY THESE PRESENTS, that **I, Kristine Mingo,** for and in consideration of the sum of **Twenty Seven Thousand Five Hundred Dollars and no/100 ($27,500.00),** the receipt whereof is hereby acknowledged, does (do) hereby for myself and my heirs, executors, administrators, successors and assigns and any and all other persons, firms, employers, corporations, associations, or partnerships release, acquit and forever discharge **John Elliopulus, Jacqueline Elliopulus and United Financial Casualty Company** of and from any and all claims, actions, causes of actions, rights, demands, damages, costs, loss of wages, expenses, hospital and medical expenses, accrued or unaccrued claims for loss of consortium, loss of support or affection and loss of society or companionship on account of or in any way arising out of any and all known and unknown personal injuries and damages resulting from an automobile accident which occurred on or about **June 20, 2021** at or near **I-495 in Littleton, Massachusetts.**

It is understood and agreed that this settlement is in full compromise of a doubtful and disputed claim as to both questions of liability and as to the nature and extent of the injuries and damages, and that neither this release, nor the payment pursuant thereto shall be construed as an admission of liability, such being denied.

It is further understood and agreed that the undersigned relies wholly upon the undersigned's judgment, belief, and knowledge of the nature, extent, effect, and duration of said injuries and liability therefore and is made without reliance upon any statement or representation of the party or parties hereby released or their representatives.

The Releasers expressly warrant that no other person or entity has asserted or is able to assert any lien, claim or entitlement to any portion of the consideration recited above which has not been satisfied, or will not be satisfied immediately out of the above-recited consideration being paid for this Release. The Releasers further expressly agree to indemnify and hold harmless the Released Parties and their present and former insurers, directors, officers, agents, employees, successors, corporations and assigns from any lien, claim or entitlement to any portion of the consideration recited above being paid for this Release which may be asserted at any time by any person or entity other than those expressly provided for herein.

THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.

_____    _____
Signed   Kristine Mingo      Date    Signed                          Date

_____    _____
Witness                      Date    Witness                         Date

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE | : |
| | :     CHAPTER 7 |
| KRISTINE M. MINGO | :     CASE NO. 22-20253-JJT |
| | : |
| Debtor | : |
| | : |

**PROPOSED ORDER COMPROMISING PERSONAL INJURY CLAIM OF THE DEBTOR FOR $27,500.00 AND TO SETTLE THE DEBTOR'S EXEMPTIONS IN REGARD TO SAID PERSONAL INJURY ASSET**

The Court, having considered the Trustee's Motion to Compromise the Personal Injury Claim of the Debtor and to Settle the Debtor's Exemptions in Regard to said Personal Injury Asset (Doc ID #__), and good cause appearing thereby, it is hereby

ORDERED that the Trustee may compromise the personal injury claim of the Debtor for a $27,500.00 cash payment to the estate of which $5,000.00 of said personal injury proceeds would be available to the bankruptcy estate, not subject to the Debtor's claimed exemptions as more fully set forth in the Trustee's Motion to Compromise.